2011 MAY 20  PM 12: 09

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

JUDGE PHILIP MARTINEZ

| | |
|---|---|
| ROBERT J. MCCARTHY, *Pro Se* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES SECTION | ) |
| INTERNATIONAL BOUNDARY AND | ) |
| WATER COMMISSION, U.S. – MEXICO, | ) |
| | ) |
| Defendant. | ) |

EP 11 CV0208

Civil Action No.

**VERIFIED COMPLAINT**

## PRELIMINARY STATEMENT

1.     This action is brought under the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the Defendant, United States Section, International Boundary and Water Commission (USIBWC) to disclose records withheld wrongfully after Privacy Act and FOIA requests from Plaintiff.

2.     This action is brought under the Privacy Act, 5 U.S.C. § 552a, for damages resulting from Defendant's intentional or willful creation and disclosure of defective records that proximately caused an adverse determination concerning Plaintiff, resulting in actual damages.

Verified Complaint                                    1

3.      This action is brought under the Privacy Act, 5 U.S.C. § 552a, for damages resulting from Defendant's intentional or willful creation and disclosure of defective records that proximately caused an adverse effect on Plaintiff, resulting in actual damages.

4.      The records sought are maintained by the IBWC in a system of records, they are about Plaintiff, and they are retrieved with Plaintiff's name.

5.      Plaintiff respectfully requests that the Court accord expedited treatment to this lawsuit, pursuant to 28 U.S.C. § 1657.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B), and the Privacy Act, 5 U.S.C. § 552a.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

8.      This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412; 5 U.S.C. § 552; and 5 U.S.C. § 552a.

9.      Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the Defendant resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552 and 5 U.S.C. § 552a .

Verified Complaint                                        2

## PARTIES

10.     Plaintiff is an employee of the USIBWC, unlawfully removed by order of the IBWC Commissioner Bill Ruth on July 31, 2009, and seeking retroactive reinstatement by appeal to the Merit Systems Protection Board (MSPB).

11.     Defendant USIBWC, with headquarters located at 4171 N. Mesa, Building C 100, El Paso, TX 79902, is an agency of the United States as defined by 5 U.S.C. §552(f)(1). Defendant USIBWC is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA. In addition, Defendant USIBWC is charged pursuant to the Privacy Act to provide Plaintiff with access to its records about Plaintiff; to refrain from intentional or willful creation and disclosure of a defective record concerning Plaintiff; to refrain from intentional or willful disclosure of private records about Plaintiff without Plaintiff's permission; and to refrain from intentional or willful creation or disclosure of a defective record about Plaintiff that proximately causes an adverse determination concerning Plaintiff.

## FACTS

12.     Plaintiff was hired by Defendant USIBWC as General Counsel, by letter dated December 12, 2008, with an effective start date of January 18, 2009.

13.     On July 28, 2009, Plaintiff submitted a memorandum entitled "Disclosures of Fraud, Waste and Abuse" to several federal agencies, including the State Department Office of Inspector General (OIG), the United States Office of Special Counsel (OSC), the General Accounting Office (GAO), the Federal Bureau of Investigation (FBI), and the

Verified Complaint                                    3

Office of White House Counsel.  On the same date, Plaintiff sent an email to his supervisor, USIBWC Commissioner Bill Ruth, stating he had made disclosures of fraud, waste and abuse (and suspected criminal activity) to the OIG, FBI, and /or other appropriate agencies, and that he had been left with "no other recourse."

14.    Just three days later, on July 31, 2009, Commissioner Ruth responded with a letter removing McCarthy from Federal employment. The letter parrots Plaintiff's use of the phrase, "no recourse," and cites as the sole grounds supporting removal four legal memoranda authored by Plaintiff in June and July 2009, each of which Ruth claimed to have found insufficiently "collegial." Each of the four opinions in question deals with a significant aspect of the fraud, waste or abuse included in Plaintiff's July 28 protected disclosures.

15.    On or about September 24, 2009, Plaintiff filed an appeal from his removal to the MSPB, alleging the removal was in retaliation for protected whistleblowing, and seeking Plaintiff's reinstatement.  In the course of the appeal, the Plaintiff alleged that certain documents introduced by the Defendant in support of its removal action had been fabricated after the fact to support the removal action and had been surreptitiously backdated.  The Plaintiff alleged further that absent these fraudulent evidentiary documents, the Defendant had insufficient evidence to support its removal action.  The fabricated documents, presented by Defendant as agency personnel records, include:

a.    A typewritten memo dated July 23, 2009, that was characterized as a contemporaneous record of a purported July 23 meeting at which Commissioner Ruth

allegedly expressed disapproval of the same four legal opinions for which McCarthy was later removed. Confronted with computer metadata at the MSPB hearing, the Agency and Mr. Ruth ultimately conceded that this document was in fact created on August 2, 2009, three days after Plaintiff's removal, and was not based on any contemporaneous record. The USIBWC has since adopted almost verbatim most of the recommendations made by McCarthy, that deceptively had been deemed "extreme" by Ruth.

b.     A Government employment form, "SF 50," describing Plaintiff as "at will," and in a seemingly redundant second classification, "probationary."  The agency conceded at hearing that Plaintiff had never been given a copy of the document. USIBWC's Human Capital Director, Kevin Petz, whose signature stamp was affixed to the document, testified that he did not request or approve the probationary or at will statements; that Commissioner Ruth did not request or acquire the document from the Human Capital office; that Petz himself had not even seen the SF 50 prior to Plaintiff's removal; and that Petz immediately issued a corrected SF 50, with approval of the United States Office of Personnel Management (OPM), as soon as he became aware of the inaccurate information included on the SF 50 introduced into evidence by the Agency. The uncorrected SF 50 was relied upon by Ruth in terminating Plaintiff in violation of constitutional due process requirements for advance notice and an opportunity to respond, due all tenured (i.e. non-probationary) federal employees.

16.     On or about September 25, 2009, an official of the USIBWC posted an "anonymous" allegation concerning Plaintiff on a public website, using the pseudonym

Verified Complaint                          5

"Insider." The comment, posted in direct response to a news article concerning

Plaintiff's MSPB appeal, reads:

> *This complaint is simply a case of man love. McCarthy and the*
> *personnel department head are homosexuals and they desperately want*
> *to perform fellatio on the principle engineer. He agreed to let them if*
> *they got rid of others in the organization. McCarthy and HR head went*
> *on an unnecessary trip to Miami, Florida and came back with this*
> *scheme. Their inability to control their manginas is giving the IBWC a*
> *bad name.*

17.     USIBWC Human Capital Director stated in an email to Plaintiff that the

probable source of the defamatory message was USIBWC official Fred Graf (stating, in

part, "everyone says it was Fred").

18.     Plaintiff thereafter filed suit for defamation in El Paso County Court,

naming as Defendant John Do Re.

19.     Pursuant to subpoena, Plaintiff deposed USIBWC official Graf, who swore

under oath that he was not responsible for the message, and that although he sometimes

made comments on the website, he did not make this one, never used the name "Insider,"

and never used his government computer for such purposes.

20.     Plaintiff thereafter subpoenaed an affidavit from the records custodian for

the internet site operator, Topix LLC. The affidavit establishes that the "Insider" posting

originated from Internet Provider (IP) Address 66.85.17.189, for internet provider

WhiteHorse Communications, in El Paso.

21.     Plaintiff thereafter subpoenaed a second affidavit from the records

custodian for WhiteHorse Communications, which establishes that the IP Address

66.85.17.189 has been continuously assigned to IBWC from 2006-2010.

22.    By letter dated April 2, 2011, Plaintiff submitted a written request to Defendant pursuant to the FOIA, requesting all documents that relate to the subject of an IBWC record created on an IBWC computer and posted on the internet, on or about September 25, 2009, by someone using the pseudonym "Insider." The FOIA request also sought any and all records that identify the IBWC office, employee and computer to which the IP address 66.85.17.189 was assigned on and around September 25, 2009, when the subject record was created and posted on the internet.

23.    By letter dated April 2, 2011, Plaintiff submitted a written request to Defendant pursuant to the Privacy Act, requesting all documents that relate to the subject of an IBWC record created on an IBWC computer and posted on the internet, on or about September 25, 2009, by someone using the pseudonym "Insider." The Privacy Act request also sought any and all records that identify the IBWC office, employee and computer to which the IP address 66.85.17.189 was assigned on and around September 25, 2009, when the subject record was created and posted on the internet. Finally, the request sought any other records that relate to the "Insider" posting.

24.    By letter dated April 15, 2011, USIBWC Office Clerk Rhonda Roberson wrote: "On behalf of the USIBWC, this letter is to confirm receipt of your FOIA and Privacy Act requests."

25.    Defendant's bare acknowledgement of receipt of Plaintiff's FOIA and Privacy Act requests does not provide any information concerning the status of the

Verified Complaint                7

request, why it cannot be fulfilled within 10 days, or whether it will be granted, as

required by the Agency's own Privacy Act regulations at 22 C.F.R. 1101.7.[1], and its

FOIA regulations at 22 C.F.R. 1102.7.[2]

26. By email dated May 3, 2011, USIBWC Office Clerk Rhonda Roberson wrote

to Plaintiff: "On behalf of the U.S. Section, International Boundary and Water

Commission, USIBWC, attached is the Agency response to your FOIA (PA) related

request received April 5, 2011." The attached letter from USIBWC FOIA Officer Eric

Meza, under the Subject heading states, "FOIA (PA) request 1110 sent to USIBWC."

The body of the letter states, in part, "The request is determined to be processed under

and subject to the Freedom of Information Act, as such request constitutes a request for

agency records, and not a first person request for records maintained on individuals in a

---

1. 22 CFR § 1101.7. Disclosure of records to individuals who are subjects of those records. (a) Each request received shall be acted upon promptly by the PA Officer. Every effort will be made to respond within ten (10) days (excluding Saturdays, Sundays, and holidays) of the date of receipt. If a response cannot be made within ten (10) days due to unusual circumstances, the PA Officer shall send an acknowledgment during that period providing information on the status of the request and asking for such further information as may be necessary to process the request. Every effort will be made to provide the requested records within thirty (30) days. "Unusual circumstances" shall include circumstances where a search for and collection of requested records from inactive storage, field facilities or other establishments are required, cases where a voluminous amount of data is involved, instances where information on other individuals must be separated or expunged from the particular record, and cases where consultations with other agencies having a substantial interest in the determination of the request are necessary.

2. 22 CFR § 1102.7. The Section's determination and appeal procedures. Upon receipt of any request for records of information under the Act the following guidelines shall be followed: (a) The FOIA Officer will determine within 10 days (excepting Saturdays, Sundays, and legal holidays) after receipt of any such request whether to comply with such request and will immediately notify the person making such request of such determination, the reasons therefore, and of the right to such person to appeal to the Commissioner any adverse determination.

Verified Complaint                          8

system of records." The letter also states: "A search by the USIBWC located no

documents responsive to your request." Finally, the letter states, "[t]his determination

may be appealed to the Agency.  Appeals should be addressed to the USIBWC Legal

Office..."

27.     By email sent on May 3, 2011, and by U.S. postal mail on May 4, 2011,

addressed to the USIBWC Legal Office, Plaintiff appealed the denial of both his FOIA

and Privacy Act records requests.  The FOIA appeal stated, in part:

> An agency must undertake a search that is reasonably calculated to
> uncover all relevant documents.  Failure to locate documents that are
> known to exist indicates the search is unreasonable.  The agency has in its
> possession copies of the document; the agency knows which computer has
> the relevant IP address; the agency is obligated to conduct an electronic
> search of that computer, and of the central electronic backup files.  The
> agency's own Human Capital Director has written that "everyone says it
> was Fred" [Graf], thus the agency has a particular obligation to search
> among all internet communications initiated by Mr. Graf.  Indeed, the
> agency was obligated to have done all of these things in response to
> discovery requests in my pending MSPB appeal.  Failure to locate and
> provide the requested records is a violation of FOIA.

> Please expedite my appeal.  It is unclear from your response whether
> it was intended as a determination under the Privacy Act as well or to
> foreclose a determination under the Privacy Act, or neither.  Your letter
> cites both statutes in the heading but goes to discuss only the FOIA, while
> seemingly ruling out the Privacy Act.  Therefore, please consider this an
> appeal under the Privacy Act as well, together with the separately titled
> Privacy Act appeal attached hereto, which should be considered an appeal
> whether or not you intended your May 3 letter to be a Privacy Act
> determination, for the reasons stated therein.

28.     Also sent by email on May 3, 2011, and by U.S. postal mail on May 4,

2011, Plaintiff's separate appeal of the denial of Privacy Act records request reads, in

part:

Verified Complaint                           9

Your May 2 denial of my similar FOIA request claims that USIBWC has no records that are responsive to the request. An agency must undertake a search that is reasonably calculated to uncover all relevant documents. Failure to locate documents that are known to exist indicates the search is unreasonable. The agency has in its possession copies of the document; the agency knows which computer has the relevant IP address; the agency is obligated to conduct an electronic search of that computer, and of the central electronic backup files. The agency's own Human Capital Director has written that "everyone says it was Fred" [Graf], thus the agency has a particular obligation to search among all internet communications initiated by Mr. Graf. Indeed, the agency was obligated to have done all of these things in response to discovery requests in my pending MSPB appeal. Failure to locate and provide the requested records is a violation of the Privacy Act.

It is inconceivable that the agency has completed its FOIA search and determination, but has yet to do the same with a nearly identical Privacy Act request of the same date. Moreover, the agency is in violation of the Privacy Act and its own procedural rules. The agency's regulations, at 22 CFR § 1101.7, require that "(a) Each request received shall be acted upon promptly by the PA Officer." The rules go on to say that "Every effort will be made to respond within ten (10) days (excluding Saturdays, Sundays, and holidays) of the date of receipt." Obviously, it has been more than 20 working days. Finally, the rules state that " If a response cannot be made within ten (10) days due to unusual circumstances, the PA Officer shall send an acknowledgment during that period providing information on the status of the request and asking for such further information as may be necessary to process the request." No such acknowledgement was sent, as the one line letter from Ms. Roberson dated April 15, 2011 provided no status information.

Please expedite my appeal. It is unclear from your response to my FOIA appeal whether it was intended as a determination under the Privacy Act as well or to foreclose a determination under the Privacy Act, or neither. Therefore, please consider this an appeal under the Privacy Act in addition to my FOIA appeal. If the FOIA denial was intended as a denial under the Privacy Act (your letter cites both statutes in the heading but goes to discuss only the FOIA), then that determination is also deficient in numerous respects under the agency's regulations, including failure to cite appropriate grounds and failure to properly identify the PA officer

Verified Complaint                              10

29.  By email dated May 18, 2011, enclosing letter of denial with same date, "USIBWC Chief FOIA Officer" Steve Fitten states, "Further review has been conducted pursuant to your appeal.  The USIBWC confirms it was unable to locate documents responsive to your appeal."  The letter states further, "Your initial request and appeal are subject solely to the Freedom of Information Act (5 USC §552), as your request constitutes a request for agency records, and not a first person request for records maintained in a system of records.  Because the Privacy Act is not applicable to your request, any release, denial or non-location of records could not be pursuant to 5 USC §552a.  Only 5 USC §552 is applicable to your request."  Finally, although the letter does not state the decision is final for the USIBWC, it does advise "you are hereby advised of your right to seek judicial review…"

30.    Defendant's denial of Plaintiff's Privacy Act request fails to identify any of the grounds permitted by Defendant's own regulations for denial of such request.[3]

31.    Defendant's denial of Plaintiff's Privacy Act request fails to give notice of denial of access of records in the manner required by Defendant's own regulations.[4]

---

3. See 22 CFR 1101.7(g) Initial denial of access:
>   (1) Grounds. Access by an individual to a record which pertains to that individual will be denied only upon a determination by the PA Officer that:
>   (i) The record is subject to an exemption under the Act and these rules;
>   (ii) The record is information compiled in reasonable anticipation of a civil action or proceeding;
>   (iii) The provisions of §1101.7(c) pertaining to medical records have been temporarily invoked; or
>   (iv) The individual unreasonably has failed to comply with the procedural requirements of these rules.

4. See 22 CFR 1101.7(g) Initial denial of access:

Verified Complaint                           11

32.     Defendant's denial of Plaintiff's FOIA request, including Defendant's

failure to undertake a search that is reasonably calculated to uncover all relevant

documents, is a violation of FOIA and of Defendant's own FOIA regulations at 22 CFR

§1102.[5]

---

(2) Notification. The PA Officer shall give notice of denial of access of records to the individual in writing and shall include the following information:
(i) The PA Officer's name and title or position;
(ii) The date of denial;
(iii) The reasons for the denial, including citation to the appropriate section of the Act and these rules;
(iv) The individual's opportunities for further administrative consideration, including the identity and address of the responsible official.

5. Defendant's FOIA regulations at 22 CFR § 1102.7 read, in part, and in addition to the excerpt in Footnote 2:
(b) The Commissioner will make a determination with respect to any appeal within 20 days (excepting Saturdays, Sundays, and legal holidays) after the receipt of an appeal. If on appeal the denial or the request is in whole or in part upheld, the Commissioner will notify the person making such request of the provisions for judicial review under the Act.
(f) The Commissioner's determination on an appeal shall be in writing and when it denies records in whole or in part, the letter to the person making a request shall include:
(1) Notation of the specific exemption or exemptions of the Act authorizing the withholding.
(2) A statement that the decision is final for the Section.
(3) Advice that judicial review of the denial is available in the district in which the person making the request resides or has his principal place of business, the district in which the Section's records are situated, or the District of Columbia.
(4) The names and titles or positions of each official responsible for the denial of a request.
When appropriate, the written determination may also state how an exemption applied in that particular case, and, when relevant, why a discretionary rebase is not appropriate.
(g) In those cases where it is necessary to find and examine records before the legality or appropriateness of their disclosure can be determined, and where after diligent effort this has not been achieved within the required period, the FOIA Officer may advise the person making the request that a determination to presently deny the request has been made because the records or information have not been found or examined, that the determination will be considered when the search or examination is completed and the time within which completion is expected, but that the person making the request may immediately file an administrative appeal to the Commissioner.

Verified Complaint                    12

33. Defendant's intentional or willful creation and disclosure of defective records proximately caused an adverse determination concerning Plaintiff.

34.    Defendant USIBWC's intentional or willful creation and disclosure of defective records proximately caused an adverse effect on Plaintiff, resulting in actual damages, including but not limited to substantial harm to Plaintiff's employment and income, embarrassment, emotional harm, physical harm, and ostracization within the community.

35.    Plaintiff continues to suffer ongoing injury due to Defendant's actions. The MSPB has yet to rule on Plaintiff's appeal, whereas Defendant continues to withhold evidence related to its intentional or willful creation and disclosure of defective records concerning Plaintiff. In addition, Plaintiff's pending state court defamation action is in imminent peril of dismissal due to expiration of the statute of limitations, whereas Defendant continues to withhold evidence related to the identity of the official or officials responsible intentional or willful creation and disclosure of defective records concerning Plaintiff. Finally, Defendant's bad faith is demonstrated by its creation and disclosure of defective records and now its blatant violation of its own access regulations.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

1.    Plaintiff repeats the allegations in all paragraphs hereinabove.

2.    USIBWC's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated there under.

Verified Complaint                         13

3.      The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, as additionally proscribed by 5 U.S.C. § 552(a)(4)(F).

## Count II: Violation of the Privacy Act

4.      Plaintiff repeats the allegations in all paragraphs hereinabove.

5.      USIBWC's failure to disclose the requested documents to Plaintiff is a violation of the Privacy Act, 5 U.S.C. § 552a, and the agency's own regulations promulgated there under.

## Count III: Violation of the Privacy Act

6.      Plaintiff repeats the allegations in all paragraphs hereinabove.

7.      Defendant USIBWC's intentional or willful creation and disclosure of defective records that proximately caused an adverse determination concerning Plaintiff, resulting in actual damages, is a violation of the Privacy Act, 5 U.S.C. § 552a.

## Count IV: Violation of the Privacy Act

8.      Plaintiff repeats the allegations in all paragraphs hereinabove.

9.      Defendant USIBWC's intentional or willful creation and disclosure of defective records that proximately caused an adverse effect on Plaintiff, resulting in actual damages, is a violation of the Privacy Act, 5 U.S.C. § 552a.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

i.      Enter an Order declaring that USIBWC has wrongfully withheld the requested

agency records, in violation of the FOIA;

 ii. Enter an Order declaring that USIBWC has wrongfully withheld the requested agency records, in violation of the Privacy Act;

 iii. Enter a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding;

 iv. Issue a permanent injunction directing USIBWC to disclose to Plaintiff all wrongfully withheld documents;

 v. Declare that USIBWC has intentionally or willfully created and disclosed defective records that proximately caused an adverse determination concerning Plaintiff, resulting in actual damages, in a violation of the Privacy Act, 5 U.S.C. § 552a;

 vi. Declare that USIBWC intentionally or willfully created and disclosed defective records that proximately caused an adverse effect on Plaintiff, resulting in actual damages, in violation of the Privacy Act, 5 U.S.C. § 552a;

 vii. Award Plaintiff actual damages from Defendant;

 viii. Maintain jurisdiction over this action until USIBWC is in compliance with FOIA, the Privacy Act, the APA and every order of this Court;

 ix. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

 x. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: May 20, 2011

Respectfully submitted,

Robert McCarthy, *Pro Se*
Oklahoma Bar # 18892
41 Stratford Hall Circle
El Paso TX 79912
915-307-2025
mac.mccarthy@hotmail.com

## VERIFICATION

I, Robert J. McCarthy, declare as follows:

1. I am the Plaintiff.

2. I have personal knowledge of matters set out in the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint of which I have personal knowledge are true and correct.

Executed on _____, 2011.

Robert McCarthy, *Pro Se*

## CERTIFICATE OF SERVICE

I, Plaintiff Robert McCarthy, certify that I served true and correct copies of the foregoing document on Defendant by placing said document in the U.S. Mail on the ___ day of _20th May_____, 2011, addressed to:

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

USIBWC
4171 N Mesa, Bldg. C 100
El Paso TX 79902

Dated: _May 20, 2011_____

Robert McCarthy, *Pro Se*
Oklahoma Bar # 18892

41 Stratford Hall Circle
El Paso TX 79912
915-307-2025
mac.mccarthy@hotmail.com